**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| Plaintiff, ) | |
| ) | No. CR 25-5684-TUC-CKJ |
| vs. ) | |
| Miguel Mateo Hernandez-Francisco, ) | |
| Defendant. ) | |

Pending before the Court is the Motion to Waive PSR Interview and Expedite Pre-Sentence Report (Doc. 16) filed by Defendant Miguel Mateo Hernandez-Francisco ("Hernandez-Francisco"). Hernandez-Francisco requests the standard pre-sentence interview be waived, the probation office be directed to expedite the Presentence Investigation Report ("PSR"), and he be permitted to waive the ten-day review period under 18 U.S.C. § 3552(d) to permit an earlier sentencing date. The Motion states the government does not object to the request.

Hernandez-Francisco asserts he has no prior criminal history and the information relevant to his background is irrelevant for the current offense since he has no criminal history. Further, Hernandez-Francisco asserts there are no anticipated complex factual disputes or objections. He remains in custody and seeks to bring this matter to a conclusion as quickly as possible.

The applicable rule states:

(1) *Required Investigation.*

>    (A) *In General.* The probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless:
>
>    (i) 18 U.S.C. §3593 (c) or another statute requires otherwise; or
>
>    (ii) the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. §3553, and the court explains its finding on the record.

Fed.R.Crim.P. 32(c); *see also* United States Sentencing Guidelines § 6A1.1(b) ("defendant may not waive preparation of the presentence report").  The statute to which Hernandez-Francisco pleaded guilty, 8 U.S.C. § 1326(a), is punishable by a maximum term of imprisonment of two (2) years.  However, the Court recognizes the United States Sentencing Guidelines will likely suggest a lesser range.

The Ninth Circuit has stated:

> Presentence reports are required because "[r]eliable fact-finding is essential to procedural due process and to the accuracy and uniformity of sentencing." Guideline Chapter 6A, Introductory Commentary. "Under the sentencing guidelines, the presentence report and the defendant's objections to that report are essential considerations in proper sentencing. The report forms the factual basis for the judge's sentencing determination."

*United States v. Turner*, 905 F.2d 300, 301 (9th Cir. 1990), *abrogated on other grounds*, *quoting United States v. Burch*, 873 F.2d 765, 767 (5th Cir.1989).  Further, the drafters of Rule 32(c)(1) noted:

> The requirement of reasons on the record for not having a presentence report is intended to make clear that such a report ought to be routinely required except in cases where there is a reason for not doing so. The presentence report is of great value for correctional purposes and will serve as a valuable aid in reviewing sentences to the extent that sentence review may be authorized by future rule change.

Fed.R.Crim.P. 32, Advisory Committee Notes, 1974 Amendment.  "Because of the importance Congress and the Sentencing Commission have attached to the preparation of presentence reports," the Ninth Circuit held "strict compliance with § 6A1.1 and Rule 32(c)(1) is required." *Turner*, 905 F.2d at 301, *citations omitted*.

Hernandez-Francisco argues that, because the pre-sentence "interview is a proceeding where the defendant's rights are at stake, it follows that a defendant, upon the advice of counsel, may knowingly and intelligently waive participation in that interview." Motion

1  (Doc. 16). However, the applicable rule which requires a presentence investigation and the submission of a report to the court specifically states it may be waived only if the court finds the information in the record enables the Court to meaningfully exercise its sentencing authority under 18 U.S.C. §3553.

The Court finds it cannot meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without a review and consideration of a complete PSR in this case. *United States v. Turner*, 816 F. Supp. 1102, 1103 (E.D. Va. 1993) ("interest of justice will be better served if [defendant] is not sentenced until after the court has reviewed the presentence report").

As to Hernandez-Francisco's request to waive the ten-day period to review the PSR, the Court finds it appropriate to grant this request. *See* 18 U.S.C. § 3552(d) (ten day minimum period may be waived by defendant). In recognition of this waiver, the Court will accelerate the sentencing in this case by two weeks and direct the PSR be completed on or before noon the business day before the sentencing.

Accordingly, IT IS ORDERED:

1. The Motion to Waive PSR Interview and Expedite Pre-Sentence Report (Doc. 16) is GRANTED IN PART and DENIED IN PART.

2. The request for the standard pre-sentence interview be waived is DENIED.

3. The request the probation office be directed to expedite the PSR is DENIED.

4. The request for Hernandez-Francisco to waive the ten-day review period under 18 U.S.C. § 3552(d) is GRANTED.

5. The sentencing in this matter is accelerated from March 23, 2026, to March 9, 2026, at 9:30 a.m..

6. The probation office shall complete and provide copies to counsel on or before noon on March 6, 2026.

DATED this 14th day of January, 2026.

_____
Cindy K. Jorgenson
United States District Judge